IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULA M. CAMPBELL, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 10-710-RGA |
| SUSSEX COUNTY FEDERAL CREDIT UNION, | : | |
| Defendant. | : | |

MEMORANDUM OPINION

Richard R. Wier, Jr., Esq., Shannon Larner Brainard, Esq., MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, Wilmington, DE.

    Attorneys for Plaintiff Paula M. Campbell.

Gaston P. Loomis, Esq., ECKERT SEAMENS CHERIN & MELLOTT, LLC, Wilmington, DE; F. Joseph Nealon, Esq., Michael A. Graziano, Esq., ECKERT SEAMENS CHERIN & MELLOTT, LLC, Washington, DC.

    Attorneys for Defendant Sussex County Federal Credit Union.

September 16, 2013

ANDREWS, U.S. DISTRICT JUDGE:

Plaintiff Paula M. Campbell filed the instant action on August 24, 2010, alleging that Sussex County Federal Credit Union improperly denied her benefits under the Diamond State Federal Credit Union Retirement Benefits Plan. (D.I. 1, 31). The Court dismissed counts 2, 3, and 4 of the first amended complaint with prejudice on March 7, 2012. (D.I. 39). The sole remaining count alleges that Sussex's failure to provide free lifetime health insurance to Ms. Campbell and her husband violates the Employee Retirement Income Security Act ("ERISA"). (D.I. 31 at ¶¶ 52-55). Discovery closed on June 1, 2013, (D.I. 81), and a non-jury trial was scheduled to begin on September 16, 2013.

Both parties have moved for summary judgment. (D.I. 100, 103). For the reasons that follow, the Court will grant Sussex's motion and deny Ms. Campbell's motion.

I.     BACKGROUND

Ms. Campbell was a longtime employee of Diamond State Federal Credit Union (D.I. 102-1 at 3-4). Sometime in 2005, Ms. Campbell, who was then President of Diamond State (D.I. 106-3 at 3), presented a "retirement" plan (the "Campbell Plan" or "Plan") to Diamond State's board of directors. (D.I. 102-1 at 11-13). The Plan was drafted by an attorney and states that its purpose "is to reward [Ms. Campbell] for her loyal and continuous service to the Company by providing supplemental retirement benefits." (D.I. 102-3 at 2). The Plan further provides that Diamond State will continue to provide Ms. Campbell and her husband with health insurance for the remainder of her life. (*Id.* at 2-3). The Plan was signed by the chairwoman of the board of directors of Diamond State and Ms. Campbell on January 24, 2006. (*Id.* at 5).

In the fall of 2007, Ms. Campbell resigned from Diamond State and accepted

1

employment with Sussex. (D.I. 102-1 at 20). On March 31, 2009, Diamond State and Sussex merged. (D.I. 102-9). Sussex terminated Ms. Campbell's employment on October 7, 2009. (D.I. 102-13). Following her termination, Ms. Campbell sought to enforce Sussex's purported obligation to honor the Campbell Plan. When she was unsuccessful, Ms. Campbell filed this lawsuit. Ms. Campbell claims the cash value of the Campbell Plan is $535,578. (D.I. 106-15 at 4).[1]

## II.  LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "could affect the outcome" of the proceeding. *See Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10 (1986). The court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

If the moving party is able to demonstrate an absence of disputed material facts, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Matsushita*, 475 U.S. at 587. The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment. *Anderson*, 477

---

[1] The record reveals that Plaintiff's gross pay at Sussex in 2009 was $2,561.96 bi-weekly (D.I. 104-20 at 3), or $66,611 per annum. Her pay at Diamond State in 2006 is not apparent from the record.

2

U.S. at 249. Rather, the nonmoving party must present enough evidence to enable a jury to reasonably find for it on that issue. *Id.* If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. DISCUSSION

Sussex moves for summary judgment, arguing that Ms. Campbell's ERISA claim fails for three reasons. First, Sussex argues that the Campbell Plan is unenforceable for lack of consideration. (D.I. 102 at 1). Second, Sussex argues that Ms. Campbell's claim is barred because she failed to exhaust her administrative remedies under the Campbell Plan. (*Id.*). Third, Sussex argues that it is not obligated to provide her with health insurance because her termination makes her ineligible to enroll in the health insurance plan Sussex maintains for its employees. (*Id.*).

Sussex first argues that it is entitled to summary judgment because the Campbell Plan is unenforceable for lack of consideration. The Plan states that its purpose "is to reward [Ms. Campbell] for her loyal and continuous service to the Company by providing supplemental retirement benefits." (D.I. 102-3 at 2). The Plan did not require Ms. Campbell to work for any additional period of time, a fact Ms. Campbell conceded at deposition. (D.I. 102-1 at 17) ("Q: So for example, you could have retired the next day . . . and you would have been entitled to a retirement plan, correct? A: Correct.).

Under Third Circuit law, "breach of contract principles, applied as a matter of federal common law, govern disputes arising out of" employee benefits plans documents governed by

ERISA. *Kemmerer v. ICI Ams., Inc.*, 70 F.3d 281, 287 (3d Cir. 1995). Specifically, ERISA plans that promise income after retirement are "interpreted in keeping with the principles that govern unilateral contracts." *Id.* As the Third Circuit has explained, "the plan constitutes an offer that the employee, by participating in the plan, electing a distributive scheme, and serving the employer for the requisite number of years, accepts by performance." *Id.*

Any promise set forth in the Campbell Plan was not enforceable because there was no bargain for her to perform in light of her admission that she was not required to work for any additional period of time and could have retired immediately after the Plan was adopted. (D.I. 102-1 at 17). Therefore, there was no unilateral contract. *See Perlmutter v. Russell Hobbs, Inc.*, 450 F. App'x 161, 166 (3d Cir. 2011) ("[A] gratuitous promise without consideration . . . is not an enforceable contract.").

In addition, Ms. Campbell's past performance as an employee as Diamond State could not have served as consideration to support the formation of a contract.[2] *See, e.g., Williams v. Vynckier Enclosure Sand Sys., Inc.*, 2005 WL 2810709, at *12 (S.D. Tex. Oct. 27, 2005) ("[T]he law is well established that 'a promise to pay a bonus is unenforceable for want of sufficient consideration since the employee is only giving the same service he has already contracted with the employer to render.'"); *Hayes v. Plantations Steel Co.*, 438 A.2d 1091 (R.I. 1982) (holding

---

[2] Defendant argues that the Plan recites "consideration." (D.I. 106-2 at 2; D.I. 106 at 6, 12). The Plan, on its face, however, required absolutely nothing from the Plaintiff. A contract must recite actual consideration for a party to be able to rely upon a promise of consideration. The offer of a unilateral contract can be accepted by performance. There was, however, no performance specified here. In effect, the Plan was exactly what it was recited to be, that is, a "reward." The promise of a gift is generally not an enforceable promise.

Defendant also states that "Defendant lacks standing to raise [the consideration] issue." (D.I. 106 at 12). Defendant offers no further argument on that point, however, and therefore I must consider the issue waived.

4

that post-retirement promises and payments by an employer to its former employee did not create an enforceable contract because they were not made in exchange for consideration as the payments were not designed to induce the former employee to provide additional services, retire early, or refrain from competing with the employer). Thus, the Campbell Plan is not enforceable because it lacks consideration.

Because the Court concludes that the Plan is unenforceable for lack of consideration, the Court need not address Sussex's remaining arguments. Accordingly, the Court will grant Sussex's motion for summary judgment and deny Ms. Campbell's motion for summary judgment.

An appropriate order will be entered.