IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAULA M. CAMPBELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 10-710-RGA |
| | : | |
| SUSSEX COUNTY FEDERAL CREDIT UNION, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Defendant has filed a motion for partial summary judgment or alternatively for sanctions. (D.I. 131).

Based on the statute and the case law cited, to wit, *Wade v. Life Ins. Co. of N. Am.*, 245 F.Supp. 2d 182, 188 (D. Me. 2003), it appears to me that Plaintiff cannot recover a lump sum for "future benefits." She says she is not seeking "future benefits." (D.I. 135 at p. 10). She says she is seeking to "enforce[e] a right." (*Id.* at p. 8). If in fact she proves the right, what it appears she is entitled to is the dollar value of what she has been denied in the past and a court order that would require Defendant to provide that right in the future. *See Wade v. Life Ins. Co.*, 245 F.Supp. 2d at 188 ("no ERISA provision permits the Court to predict the future in order to fashion appropriate relief under the statute."). I think I would be able to enter an appropriate declaratory judgment. I am, however, not 100% clear on what such a declaratory judgment would involve. If I decide she is entitled to future benefits, I expect I would need to do something to make

her whole, and until I am satisfied that I can fashion an appropriate declaratory judgment, I cannot rule out other forms of relief.

Thus, the motion for partial summary judgment (D.I. 131) is **DENIED**.

The motion for sanctions (D.I. 131) is also **DENIED**. Any prejudice to Defendant can still be cured in time for trial. Plaintiff is ordered to supplement its expert reports with the service of expert reports and the related disclosures that fully comply with Rule 26(a)(2)(B).[1] Plaintiff is **ORDERED** to do this by June 30, 2015, and, at the same time, provide Defendant with dates when Defendant may take the depositions of the experts. Defendant is permitted to take such depositions should it choose to do so. If Defendant decides to use any experts, it is to notify Plaintiff of its intent to do so by July 8, 2015, and it is to provide expert reports by July 24, 2015. If Plaintiff wants to depose Defendant's experts, she may do so, and the parties are expected to work together to make that happen.

The Court will not address issues raised in footnotes, *see* D.I. 132, p.6 n.5, although Plaintiff will want to consider supplementation of its expert reports if underlying assumptions at an earlier time are no longer valid.

IT IS SO ORDERED this ___ day of June 2015.

_____
United States District Judge

---

[1] It appears to be undisputed that Plaintiff's expert disclosures do not comply with the Rule.